UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHARON FRANCES IRENE BOWES,

Plaintiff,

v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

Defendant.

CASE NO. 3:17-CV-05401-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Sharon Frances Irene Bowes filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 8.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider the opinions of Dr. Erum Khaleeq, Ms. Deborah Metzler, and Ms. Teresa Garrison. Had the ALJ properly considered these three opinions, the RFC may have included additional limitations. The ALJ's errors are therefore harmful, and this

matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On September 9, 2013, Plaintiff filed applications for SSI and DIB, alleging disability as of October 1, 2011. *See* Dkt. 11, Administrative Record ("AR") 21. The applications were denied on initial administrative review and reconsideration. *See* AR 21. A hearing was held before ALJ Robert P. Kingsley on October 14, 2015. *See* AR 41-80. In a decision dated December 1, 2015, the ALJ determined Plaintiff was not disabled. AR 21-34. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to provide sufficient reasons to reject: (1) the medical opinion evidence of Dr. Erum Khaleeq, M.D., Deborah Metzler, M.H.P., L.M.H.C., and Teresa Garrison, A.R.N.P.; (2) college professor Richard Weiss's opinion, and (3) Plaintiff's subjective symptom testimony. Dkt. 15, p. 1. Plaintiff contends that, given these errors, the ALJ's RFC finding, hypothetical questions, and Step Five determinations were not supported by substantial evidence. *Id*.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.  Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff alleges the ALJ failed to properly consider the medical opinion evidence of Dr. Khaleeq, Ms. Metzler, and Ms. Garrison. Dkt. 15, pp. 4-13.

A.  Acceptable Medical Source

First, Plaintiff contends the ALJ failed to properly weigh examining psychiatrist Dr. Khaleeq's opinion. Dkt. 15, pp. 4-8. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

On March 15, 2014, Dr. Khaleeq examined Plaintiff and diagnosed her with post-traumatic stress disorder ("PTSD") and chronic pain. AR 485-88. Dr. Khaleeq opined that Plaintiff could perform simple and repetitive tasks, but may be distracted with detailed and complex tasks. AR 488. He found Plaintiff could accept instructions from supervisors, coworkers, and the public, as long as her pain allowed. AR 488. Dr. Khaleeq also determined Plaintiff could perform work activities on a consistent basis, although it may take her longer to

complete a normal workday and workweek, and the usual stress encountered in the workplace may further aggravate her psychiatric condition. AR 488.

The ALJ discussed Dr. Khaleeq's objective findings and his opinion regarding Plaintiff's functional limitations. AR 30. The ALJ then stated:

> Partial weight is assigned to this evaluation. The mental status examination and the record support the assessment that the claimant could perform at least simple, repetitive tasks and socialize with others at work. However, (1) Dr. Khaleeq's assessment that it could take the claimant longer than normal to complete a workday/week and that stress could aggravate her condition is based on subjective complaints and lacks any objective basis, as the claimant persisted during the entire evaluation and she performed fairly well on the mental status examination. I find the assessment about the claimant's pain entirely subjective and beyond a psychological assessment. (2) I note despite reporting to Dr. Wiggins just a few days earlier that she was studying computers, she reported that her injuries were to the point that she was unable to work or attend school.

AR 30 (internal citations omitted, numbering added).

First, the ALJ gave partial weight to Dr. Khaleeq's assessment that it would take Plaintiff longer than normal to complete a workday/workweek and stress may aggravate her condition because the opinion was based on subjective complaints and lacked any objective basis. AR 30. The ALJ also found Dr. Khaleeq's opinion regarding Plaintiff's pain was entirely subjective and beyond a psychological assessment. AR 30. The ALJ essentially found portions of Dr. Khaleeq's opinion were based on Plaintiff's subjective complaints.

An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily

based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and mental status evaluation are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." 869 F.3d at 1049. "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* (internal citations omitted).

In reaching his opinion, Dr. Khaleeq reviewed portions of Plaintiff's medical records, observed Plaintiff, and conducted a clinical interview and mental status examination. *See* AR 485-88. While the mental status examination was relatively normal, Dr. Khaleeq noted Plaintiff had flashbacks, was depressed and anxious, and could only remember two out of three items after five minutes. AR 487. He also noted Plaintiff's "concentration comes in with bits and pieces." AR 487. Dr. Khaleeq did not discredit Plaintiff's subjective reports, and supported his ultimate opinion with objective testing, personal observations, and a clinical interview. The Court finds Dr. Khaleeq's opinion was not more heavily based on Plaintiff's subjective complaints and self-reports. Therefore, this is not a specific and legitimate reason supported by substantial evidence for giving partial weight to Dr. Khaleeq's opinion.

The ALJ also noted Dr. Khaleeq's opinion regarding Plaintiff's limitations as a result of her pain was beyond the scope of a psychological assessment. Dr. Khaleeq is a medical doctor,

having obtained his doctoral medical degree. See AR 488. "Although a medical doctor's area of specialty is relevant, a physician with a doctoral medical degree (M.D.) is qualified to assess a claimant's physical functional limitations." *Fischer v. Colvin*, 2013 WL 5437571, *9 (W.D. Wash. Sept. 27, 2013). As Dr. Khaleeq underwent medical school training to obtain his M.D., further training in the specialty of psychiatry does not deprive Dr. Khaleeq of the capabilities he had as an M.D. prior to his specialized training. *See id*. Accordingly, the ALJ erred by finding Dr. Khaleeq's opinion regarding Plaintiff's pain was beyond the scope of his assessment.

Second, the ALJ gave partial weight to Dr. Khaleeq's opinion because Plaintiff told Dr. Khaleeq she was unable to work or attend school, however, a few days before the examination, Plaintiff reported she was studying computer science. AR 30. An ALJ can discount a medical opinion if there are inconsistencies between that opinion and contemporaneous treatment records. *Parent v. Astrue*, 521 Fed. Appx. 604, 608 (9th Cir. 2013) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 20008)). However, in this case, the ALJ's reasoning is conclusory.

Here, Plaintiff told Dr. Khaleeq that her injuries are to the point she is unable to work or go to school. AR 486. Six days earlier, Plaintiff told Dr. Wiggins she was in school, studying computer skills. AR 480. Plaintiff made only one conflicting statement to Drs. Khaleeq and Wiggins. The ALJ failed to provide his interpretation of this evidence. He also failed to explain why the conflicting statement made to Dr. Wiggins was more persuasive than Dr. Khaleeq's subjective judgments about Plaintiff and the clinical evidence supporting his opinion. The ALJ's conclusory statement that Plaintiff made one contemporaneous inconsistent statement to Dr. Khaleeq is insufficient to reject his opinion. *See Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion);

*Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (providing specific and legitimate reasons "can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, [the ALJ] stating his interpretation thereof, and making findings); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

For the above stated reasons, the Court finds the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for giving partial weight to Dr. Khaleeq's opinion. According, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)). Furthermore, "the fact that the administrative law judge, had [he] considered the entire record, might have reached the same result does not prove that [his] failure to consider the evidence was harmless. Had [he] considered it carefully, [he] might well have reached a different conclusion." *Hollingsworth v. Colvin*, 2013 WL 3328609, *4 (W.D. Wash. July 1, 2013) (quoting *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)).

Had the ALJ properly considered all of Dr. Khaleeq's opined limitations, the RFC may have included additional limitations. For example, Dr. Khaleeq found Plaintiff would take longer than normal to complete a workday/workweek. AR 488. If Dr. Khaleeq's opinion as to Plaintiff's limitations in persistence and pace were included in the RFC and in the hypothetical questions posed to the vocational expert, Kelly Hember, the ultimate disability determination may have changed. Therefore, the ALJ's error is not harmless.

B. <u>Other Medical Sources</u>

Plaintiff next maintains the ALJ failed to properly consider the opinion evidence of Ms. Metzler, Plaintiff's therapist, and Ms. Garrison, Plaintiff's nurse practitioner. Dkt. 15, pp. 8-13.

Pursuant to the relevant federal regulations, medical opinions from "other medical sources," such as nurse practitioners, therapists and chiropractors, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009); *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

*1. Ms. Metzler*

On September 30, 2015, Ms. Metzler, Plaintiff's treating therapist, wrote a letter stating Plaintiff has PTSD and "experiences symptoms that interfere with her day to day functioning." AR 728. Mr. Metzler opined Plaintiff has difficulty focusing, working through problems,

attending to tasks, responding to questions, and thinking things through. AR 728. She also stated Plaintiff has flashbacks of past abuse, which may cause her to shut down for several days and be unable to follow through with tasks, keep appointments, or complete work assignments. AR 728. Ms. Metzler found Plaintiff's trauma symptoms exacerbate her migraines and the effects of her traumatic brain injury, impacting her ability to make progress. AR 728.

The ALJ outlined Ms. Metzler's opinion and then stated:

> Little weight is assigned to this assessment because (1) it contains mostly subjective complaints. (2) The reports of migraine headaches and head trauma cannot be verified by objective testing, previously discussed. Neurological examinations have been unremarkable. (3) Further, the claimant could attend school, including taking German, and she traveled to Arizona, despite these allegedly disabling symptoms.

AR 31 (numbering added).

First, the ALJ gave little weight to Ms. Metzler's opinion because it contains mostly subjective complaints. AR 31. Ms. Metzler was Plaintiff's treating mental health counselor. *See* AR 728. At the time she authored her opinion, Ms. Metzler had been treating Plaintiff for almost two years. AR 728. The letter does not indicate Ms. Metzler relied mostly on Plaintiff's subjective complaints. *See* AR 728. Further, Ms. Metzler's treatment notes were included in the record, which indicate Ms. Metzler conducted objective testing and made subjective observations of Plaintiff. *See* AR 711-27. The Court finds Ms. Metzler's opinion was not more heavily based on Plaintiff's subjective complaints. Therefore, this is not a germane reason supported by substantial evidence for giving little weight to the opinion. *See Ryan*, 528 F.3d at 1199-1200; *Buck*, 869 F.3d at 1049.

Second, the ALJ gave little weight to Ms. Metzler's opinion because the reports of migraine headaches and head trauma could not be verified by objective testing. AR 31. Ms.

1  Metzler opined that Plaintiff's progress was limited because of the relationship between her
2  trauma symptoms and her migraines and traumatic brain injury. AR 728. Ms. Metzler's
3  opinion as to Plaintiff's functional limitations is not dependent on Plaintiff's physical
4  impairments. *See* AR 728. Further, the findings from an MRI indicate "[m]igraines associated
5  white matter disease is considered likely." AR 395. Therefore, in contrast to the ALJ's
6  findings, there is some objective testing in the record verifying Plaintiff's migraines.
7  Accordingly, the Court finds this is not a germane reasons supported by substantial evidence
8  for giving little weight to Ms. Metzler's opinion.

Third, the ALJ gave little weight to Ms. Metzler's opinion because Plaintiff could attend school and traveled to Arizona. AR 31. An ALJ may reject lay witness evidence if it is inconsistent with other evidence in the record regarding the claimant's activities. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (ALJ's rejection of lay witness evidence because it was inconsistent with claimant's successful completion of continuous full-time coursework constituted reason germane to lay witness). The record shows Plaintiff is pursuing a computer science degree at the Evergreen State College. AR 54. Plaintiff attends classes about two days per week and has been given accommodations, such as note takers, leniency regarding attendance, additional time to complete class work, and accommodations regarding the quantity of work, testing, and course materials. AR 55-57, 277. Plaintiff is not taking a full 16 credits per quarter. AR 277. The record also shows Plaintiff traveled to Arizona for her sister's wedding in 2015. AR 69. Plaintiff, however, testified that she obtained sedatives for the trip. AR 69. Her brother picked her up from the airport, she went to his house, and "ended up shutting down." AR 69. Plaintiff did not attend the wedding and stayed in her brother's house until she flew home. AR 69.

A review of the record shows Plaintiff's ability to attend college is limited and that Plaintiff has not completed fulltime coursework. She misses classes and must have several accommodations to complete her courses. Additionally, while Plaintiff traveled to Arizona, she had to take a sedative and could not leave her brother's home the entire trip. The Court finds Plaintiff's ability to attend school and her trip to Arizona are not inconsistent with Ms. Metzler's opinion. Accordingly, the Court finds this is not a germane reason for giving little weight to the opinion.

The ALJ provided three reasons for giving little weight to Ms. Metzler's opinion. The three reasons, however, are not germane nor supported by substantial evidence. Accordingly, the ALJ erred in his consideration of Ms. Metzler's opinion. Ms. Metzler opined to more severe limitations than the limitations contained in the RFC. *See* AR 26, 728. Had the ALJ properly considered Ms. Metzler's opinion, the RFC may have included limitations in Plaintiff's ability to attend work and complete a normal workday/workweek and the ultimate disability decision may have changed. Therefore, the ALJ's error is not harmless and requires remand. *See Molina*, 674 F.3d at 1115-17.

### 2. Ms. Garrison

On August 27, 2014, Ms. Garrison, Plaintiff's treating nurse practitioner, authored a letter stating Plaintiff was capable of taking 12 credits in school with special accommodations, including being able to work at home on high anxiety days, extensions on homework, and extended testing times. AR 650. The ALJ discussed the letter and then stated:

> Little weight is assigned to this assessment because it relates to the claimant's ability to attend school rather than work. The accommodations are subjective and not necessarily consistent with work. I take note that she thought the claimant was doing well and that she could take up to 12 credits.

AR 30.

The ALJ gave little weight to Ms. Garrison's opinion because it was related to her need for school accommodations, not work. AR 30. The ALJ, however, fails to explain how and why the school accommodations are not transferrable to the work setting. AR 30. Ms. Garrison found that Plaintiff is capable of taking 12 credits, which is not a full course load. AR 650, 277 (full course load is 16 credits). Further, she found Plaintiff needed to be able to work from home on high anxiety days and have extensions to complete work. AR 650. The Court finds the school limitations may be transferrable to work limitations. For example, if Plaintiff cannot take a full course load, it reasons that she may not be able to complete a full workday/workweek. If Plaintiff is required to work from home on high anxiety days with extensions of time to complete assignments, she could be limited in her attendance and in her concentration, persistence, and pace at work.

As the ALJ failed to provide a sufficient explanation regarding his finding that Ms. Garrisons' opinion is unrelated to work, the Court cannot determine if he has provided a specific, germane reason supported by substantial evidence for giving little weight to Ms. Garrison's opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); *Blakes*, 331 F.3d at 569. Accordingly, the ALJ erred in his consideration of Ms. Garrison's August 27, 2014 opinion.[1]

---

[1] Ms. Garrison also completed disability/handicap verification forms related to Plaintiff's housing. *See* AR 30, 496, 535, 613. The ALJ gave this opinion little weight. AR 30. Plaintiff does not challenge this portion of the ALJ's decision. *See* Dkt. 15. Therefore, the Court will not consider whether the ALJ's findings as to the housing verification forms are germane.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 12

As Ms. Garrison found Plaintiff was more severely limited than the limitations contained in the RFC, the ultimate disability decision may have changed if her opinion was given great weight. *See Molina*, 674 F.3d at 1115-17. Therefore, the error is not harmless and requires remand.

### II. Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony and the non-medical lay witness evidence.

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations and alleges the ALJ failed to provide germane reasons for discounting the non-medical lay witness opinion of Richard Weiss, a computer science faculty member at the Evergreen State College. Dkt. 15, pp. 8-10, 13-15. The Court concludes the ALJ committed harmful error in assessing the medical opinions of Dr. Khaleeq, Ms. Metzler, and Ms. Garrison. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony and Mr. Weiss's opinion, on remand, the ALJ must reconsider Plaintiff's subjective testimony and Mr. Weiss's opinion.

The Court also notes, on March 28, 2016, the Social Security Administration changed the way it analyzes a claimant's credibility. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016). The term "credibility" will no longer be used. 2016 WL 1119029, at *1. Further, symptom evaluation is no longer an examination of a claimant's character. *See id*. at *10 ("adjudicators will not assess an individual's overall character or truthfulness"). The ALJ's decision here – dated December 1, 2015 – was issued before SSR 16-3p became effective. Thus, the ALJ did not err by failing to apply SSR 16-3p. However, on remand, the ALJ is directed to apply SSR 16-3p when evaluating Plaintiff's subjective symptom testimony.

### III. Whether the ALJ erred in assessing the RFC, posing incomplete hypothetical questions, and finding Plaintiff not disabled at Step 5.

The Court concludes the ALJ committed harmful error when he failed to properly consider the opinions of Dr. Khaleeq, Ms. Metzler, and Ms. Garrison. *See* Section I, *supra*. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

### IV. Whether the case should be remanded for an award of benefits.

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 15. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the

record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the medical opinion evidence, lay evidence, and Plaintiff's testimony to determine if Plaintiff is capable of performing jobs existing in significant numbers in the national economy. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled during the relevant period. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 15th day of December, 2017.

David W. Christel
United States Magistrate Judge